UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ROCHELLE KAY MAGIN, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 2:18-CV-00170-DCLC |
| ANDREW M. SAUL,[1] Acting Commissioner of Social Security, | ) ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Now before the Court is the Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 32], affidavit in support [Doc. 33], and memorandum [Doc. 34]. Plaintiff requests that the Court enter an Order awarding $8,738.62 in attorney's fees under 42 U.S.C. § 406(b) for work performed on behalf of Plaintiff in pursuit of disability benefits. Counsel notes that fees were previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in this matter. *See* [Doc. 31]. Counsel acknowledges that such fees must be refunded to Plaintiff. The Commissioner does not oppose the amount of the requested fees but likewise notes the fees previously received by Plaintiff's counsel pursuant to the EAJA must be refunded [Doc. 38].

**I.     BACKGROUND**

On October 10, 2018, Plaintiff filed a Complaint [Doc. 1], seeking review of the Commissioner's final decision denying Plaintiff's application for disability insurance benefits. Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 17,

---

[1]     Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

18], and on March 8, 2019, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 21, 22]. The Court entered a Memorandum Opinion [Doc. 25] on August 26, 2019, granting Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court ordered that the case be remanded to the Administrative Law Judge for further consideration of certain medical opinions pursuant to 42 U.S.C. § 405(g). Upon remand, the Administrative Law Judge issued a favorable decision for Plaintiff, finding her disabled as of August 11, 2014. The instant motion before the Court seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 32].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests approval pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff pursuant to which Plaintiff contracted to pay Mr. Smith and Janice Russell twenty-five percent of the total past due benefits. [Doc. 33-3]. Counsel asserts that the total amount withheld for payment of fees is $18,738.62, with a payment of $56,215.88 made to Plaintiff.[2] Counsel states that he is seeking an attorney's fee of $8,738.62 for services rendered before this Court [Doc. 32]. Janice Russell, who represented Plaintiff before the Social Security Administration, has filed a separate fee petition before the administrative law judge seeking a $10,000 fee for representing Plaintiff at that stage. This results in a total amount requested of $18,738.62; however, only the fees for Mr. Smith are before this Court. Counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002) [*Id.* at 2]. The Commissioner subsequently filed a Response [Doc. 38] stating that he does not oppose payment of an attorney's fee in the amount of $8,738.62 but that $3,744.23 in fees previously received by Plaintiff's counsel must be refunded to Plaintiff.

---

[2] Plaintiff received monthly disability benefits for both herself and her child. She received $51,687.38 and her child received $4,528.50. *See* [Docs. 33-1, 33-2].

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.*

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Counsel represented Plaintiff before this Court. Finally, counsel for Plaintiff submits that a total fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable [Doc. 34, pgs. 3-4]. The Commissioner responds [Doc. 38] that it does not oppose the requested amount. Therefore, all three conditions have been satisfied here

Although the Commissioner does not oppose the requested amount, the Court must still independently determine whether the requested fee is reasonable per *Gisbrecht v. Barhhart*, 535 U.S. 789, 807 (2002). The Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or

3

was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee … is presumed reasonable." *Id*. at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Counsel was able to achieve favorable results as this case was remanded to the Commissioner and benefits were ultimately awarded to Plaintiff. Such outcome demonstrates the effectiveness of the representation.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is per se reasonable. *Id*. The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id*. (quoting *Rodriquez*, 865 F.2d at 746).

As noted, Plaintiff's counsel has requested a fee of $8,738.62. Plaintiff was awarded a total of $56,215.88, with $18,738.62 withheld for payment of attorneys' fees. Of this amount, $10,000.00 is requested by Mr. Smith's co-counsel from the ALJ for representation before the Social Security Administration. If the Court awarded the requested fees here, the total fees for Mr. Smith and his co-counsel would be $18,738.62, which is the total amount withheld from the past-

4

due benefit award and contractually agreed upon fees. The Court has considered the hours expended as outlined in counsel's affidavit [Doc. 33] and the degree of difficulty of this case and that the Commissioner has not objected to his request. The Court is also cognizant of the nature of contingency contracts and the risk absorbed by attorneys in these matters. See *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (In considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time … Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). The Court finds that an award in the amount of $8,738.62 to Mr. Smith does not represent a windfall.

Accordingly, the Court finds the requested contingency fee is reasonable. Further, when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Here, Plaintiff has already obtained an EAJA award of $3,323.50 for attorney's fees [Doc. 31]. This award is the smaller of the two types of awards.

### IV. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Approval of 406(b) Attorney Fees [Doc. 32] is **GRANTED**. It is **ORDERED** that attorney's fees in the amount of $8,738.62 be payable to Plaintiff's counsel under 42 U.S.C. 406(b). Further, Plaintiff's attorney is **ORDERED** to return the fee under the EAJA to Plaintiff in the amount of $3,323.50 within 21 days of the entry date of this decision.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge